IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTONIO R. PERKINS,            )
                               )
            Plaintiff,         )
                               )
vs.                            )      CIVIL NO. 10-059-GPM
                               )
MADISON COUNTY SHERIFF'S DEPT., )
*et al.*,                      )
                               )
            Defendants.        )

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Antonio Perkins, formerly an inmate in the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon careful review of the

complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

### CLAIM 1

Perkins states that on November 8, 2008, he was assigned to a cell block traditionally reserved for inmates already convicted and sentenced to serve time in the Department of Corrections, and many were parolees. Perkins states that he was not a parolee and thus should not have been assigned to that housing unit. While in that unit, Perkins was assaulted by a parolee in the unit, resulting in a broken hand. Perkins alleges that despite the assault, he was not moved from that unit.

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994); *Luttrell v. Nickel,* 129 F.3d 933, 935 (7th Cir. 1997). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer,* 511 U.S. at 834. In order for a plaintiff to succeed on a claim of failure to protect, he must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Id.*; *Reed v. McBride,* 178 F.3d 849, 852 (7th Cir. 1999). A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer,* 86 F.3d 90, 92 (7th Cir. 1996). In other words, Defendants had to know that there was a substantial risk that the inmate who attacked Perkins would do so, yet failed to take any action. *Sanville v. McCaughtry,* 266 F.3d 724, 733-34 (7th Cir. 2001). Moreover, a "mere possibility of violence" or the occurrence of a random act of violence is not sufficient to impose liability on

prison officials. *See Estate of Davis v. Johnson,* 745 F.2d 1066, 1071 (7th Cir. 1984); *accord Ward v. Thomas,* 708 F. Supp. 212, 214 (N.D.Ill. 1989).

In this case, Perkins doesn't allege that he was aware of any specific threat to his safety before this incident occurred or that he notified any of the defendants of a specific threat to his safety. So, he has failed to state a claim against any of the defendants, and this claim will be dismissed with prejudice from this action.

### CLAIM 2

Perkins next alleges that on January 5, 2010, he slipped and fell in a puddle of water from a leaking toilet. He asserts that he and other inmates had complained frequently about the leak, and an officer had advised them that the leak was logged in the records for maintenance. Perkins was treated at the hospital for a back injury he sustained due to this fall. Upon his return from the hospital, he was directed to pick up his mattress and bring it with him to lock-up. After two days, the jail doctor arrived and provided him with some pain medication. Perkins asserts that the defendants are liable for his injuries because they failed to repair the leaky toilet.

The basis of this claim is that the defendants failed to act. Such an allegation is, at best, a claim of negligence, but a defendant can never be held liable under § 1983 for negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995). Because Perkins has not stated a federal claim with respect to this incident, the Court declines to exercise any supplemental jurisdiction over any claims that he might have under state law.

### DISPOSITION

In summary, the complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**, and all pending motions are found **MOOT**. Perkins is advised that

the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

DATED:  08/31/10

s/ *G. Patrick Murphy*

G. PATRICK MURPHY
United States District Judge
